IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § | |
| vs. § § § § | CASE NO. 5:17-CR-9-RWS-JBB |
| TIMOTHY FRANKLIN HARPER (4) § § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On September 8, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 500 Grams of Methamphetamine, a Class A felony, Defendant Timothy Franklin Harper was sentenced on December 12, 2018 by United States District Judge Robert W. Schroeder, III. The offense carried a statutory maximum imprisonment term of life imprisonment. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of VI, was 235 to 293 months. The Court determined that a criminal history category of IV more appropriately represented the actual criminal history and sentenced Defendant to imprisonment for 188 months followed by a 5-year term of supervised release. The Court reduced Defendant's term of imprisonment for a term of 94 months on March 26, 2020. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, drug

1

abuse testing and treatment, and mental health treatment. Defendant completed his term of imprisonment and started his term of supervised release on September 21, 2023.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on February 24, 2025, United States Probation Officer Wes Basham alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was issued citations by the Tyler Police Department on January 3, 2024 for unsafe lane change, expired driver's license, and failure to maintain financial responsibility first offense.

2. **Allegation 2 (special condition)**: **The defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any financial penalty that is imposed by the judgment**. It is alleged that Defendant verbally admitted on February 13, 2025 that he relapsed on marijuana within the last couple of weeks. In addition, Defendant verbally admitted to using some sort of product/solution that is designed to coat a person's system. Defendant submitted urine specimens at DATCS in Tyler, Texas, on January 28, 2025, and February 7, 2025. Both specimens were sent to Abbott Labs and were noted as "substituted, not consistent with normal human urine."

3. **Allegation 3 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted a urine specimen at his residence on January 6, 2024 that tested positive for methamphetamine. Defendant denied knowingly using methamphetamine. Defendant did acknowledge, verbally and in writing, that he used a THC vape pen. Abbott Labs confirmed that the specimen submitted by Defendant was negative for methamphetamine. On September 3, 2024, Defendant submitted a urine specimen at the U.S. Probation Office in Tyler. The results yielded a presumptive positive result for methamphetamine. Abbott Labs confirmed that the specimen was negative for methamphetamine, but prior to the specimen being sent to Abbott Labs for testing, Defendant verbally admitted to using methamphetamine within the past few days. On December 18, 2024, Defendant submitted a urine specimen at DATCS in Tyler, Texas, that tested positive for methamphetamine, and it was confirmed positive by Abbott Labs. On February 13, 2025, Defendant verbally admitted to having relapsed on marijuana within the last couple of weeks.

4. **Allegation 4 (standard condition 7): The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses him from doing so.  If the defendant does not have full-time employment, he must try to find full-time employment, unless the probation officer excuses him from doing so.  If the defendant plans to change where he works or anything about his work (such as his position or his job responsibilities), the defendant must notify the probation officer at least ten days before the change.  If notifying the probation officer at least ten days in advance is not possible due to unanticipated circumstances, he must notify the probation officer within seventy-two hours of becoming aware of a change or expected change.**  It is alleged that the probation officer conducted an employment visit with Defendant on February 13, 2025, at T-Mobile, in Jacksonville, Texas.  Defendant stated that his lunch hour was almost over and that he needed to get back inside.  Shortly thereafter, the probation officer observed Defendant drive away from the store.  The probation officer went back to T-Mobile, went inside the store, and spoke to Assistant Store Manager Paola Bolick to inquire about Defendant's employment status.  Ms. Bolick advised the probation officer that Defendant's employment was terminated on January 30, 2025.  Defendant did not report his job termination to his probation officer.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 5 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the

possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline range for a Grade B violation is imprisonment for 12 to 18 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing traffic violations, using marijuana, taking a substance to alter drug testing results, and failing to report a change to his employment, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline range for a Grade C violation is imprisonment for 6 to 12 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

### *Hearing*

On September 8, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to the portion of Allegation 3 in the petition alleging the use of methamphetamine and to jointly request a sentence of imprisonment for a term of time-served to be followed by a 1-year term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the portion of Allegation 3 in the petition alleging the use of methamphetamine.

---

Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

## *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the portion of Allegation 3 in the petition alleging the use of methamphetamine is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of time-served to be followed by a 1-year term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to the portion of Allegation 3 in the petition alleging the use of methamphetamine be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of time-served to be followed by a 1-year term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of time-served to be followed by a 1-year term of supervised release.

So ORDERED and SIGNED this 8th day of September, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE